IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Natalie J. Sperry-Mauger, : 
                  Petitioner : 
           : 
         v. : 
           : 
Cumberland County Clerk of Courts : 
(Office of Open Records), :   No. 637 C.D. 2025
              Respondent :   Submitted: May 12, 2026

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                 FILED: July 1, 2026

Natalie J. Sperry-Mauger (Petitioner), *pro se*, petitions for review of the May 1, 2025 Final Determination of the Office of Open Records (OOR) that dismissed her appeal under the Right-to-Know Law (RTKL)[1] for lack of jurisdiction. Upon review, we affirm.

## I. Background

On February 24, 2025, Petitioner made an in-person request at the Cumberland County Clerk of Courts Office (Clerk) for all public records associated with Docket number CR-935-1984.[2] Reproduced Record (R.R.) at 1a. After a review of the produced documents, Petitioner made a second request on April 17,

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[2] The dates associated with Docket number CR-935-1984 are not included in the record.

2025, identifying several documents that were not provided by the Clerk, including two trial exhibits and transcripts of opening and closing statements. *Id.* The Clerk later informed Petitioner that it could not find the specific documents in its evidence room or in the District Attorney's files. *Id.* at 2a. The Clerk further noted that the opening and closing remarks might not be recorded, as court reporters previously transcribed such statements only if specifically requested. *Id.* Petitioner advised the Clerk that she would be pursuing the matter further with the OOR. *Id.*

Petitioner filed an appeal of the Clerk's denial of record access with the OOR pursuant to the RTKL. R.R. at 3a. She listed the following records at issue: "All public records associated with CR-935-1984 not scanned as of February 24, 2025 to include Exhibits for the Commonwealth No. 1-60 and Defendant No. 1-4 which were all marked and admitted." *Id.* However, on May 1, 2025, the OOR's Final Determination dismissed the appeal for lack of jurisdiction, noting that the RTKL does not apply to judicial agencies to which the Unified Judicial System's Public Access Policy[3] instead applies. *Id.* at 5a.

On May 20, 2025, Petitioner filed a timely petition for review with this Court. Pet. for Review at 3. However, during the appellate briefing period, the Clerk located the records at issue and made arrangements for Petitioner to review them, which Petitioner did on September 10, 2025.[4] Clerk's Br. at 2.

---

[3] Case Records Public Access Policy of the United Judicial System of Pennsylvania, *pacourts.com*, The Unified Judicial System of Pennsylvania, which can be accessed online at https://www.pacourts.us/Storage/media/pdfs/20211230/165101-publicrecordspolicy2022.pdf (last visited June 30, 2026).

[4] There is a dispute as to the extent of the records found; Petitioner still maintains that several requested records are missing, including opening statements, briefs, hearing transcripts, notices, opinions, and court orders. Petitioner's Reply Br. at 2-3.

## II. Issues

Before this Court,[5] Petitioner argues that the Clerk's misplacement of the public CR-935-1984 case documents violated both the RTKL and the Unified Judicial System's Public Access Policy. Petitioner's Br. at 4. Specifically, Petitioner maintains that the Clerk is an "official record custodian" who is "bound to account for all CR-935-1984 case documents and retrieve them . . . as requested by the Petitioner." *Id.* at 9.

In response, the Clerk argues that Petitioner's arguments are moot due to Petitioner's receipt of the requested documents on September 10, 2025. Clerk's Br. at 1. Alternatively, the Clerk asserts that the documents sought by Petitioner are "judicial records" which are presumptively public records, but are not subject to access under the RTKL. *Id.* at 2-3.

## III. Discussion
## Lack of Jurisdiction

The RTKL explicitly confers jurisdiction on appeals officers in the OOR to render determinations regarding records disputes involving the Commonwealth and local agencies. 65 P.S. § 67.503(a). By contrast, appeals of

---

[5] We review OOR's statutory jurisdiction as a matter of law. *Faulk v. Phila. Clerk of Courts*, 116 A.3d 1183, 1185 (Pa. Cmwlth. 2015) (citing *Hearst Television, Inc. d/b/a WGAL-TV v. Norris*, 54 A.3d 23, 29 (Pa. 2012)). Accordingly, our review is plenary. *Dep't of Lab. & Indus. v. Heltzel*, 90 A.3d 823, 828 (Pa. Cmwlth. 2014). We note that while the terms "plenary" and "*de novo*" are frequently used interchangeably in describing both the scope of review and the standard of review, they are distinct terms of art. *See Summers v. Certainteed Corp.*, 997 A.2d 1152, 1160 n.11 (Pa. 2010). Specifically, the scope of review refers to the confines of "what" this Court is permitted to examine, and the standard of review refers to "how" this Court may conduct its examination. *Id.* Further, the term "plenary" pertains only to our scope of review and is defined as: "Full; complete; entire[.]" Black's Law Dictionary 1397 (12th ed. 2024). In contrast, the term "*de novo*" is limited to our standard of review and means to review "anew." *Id.* at 548.

records disputes involving a "judicial agency" are to be appealed to an appeals officer so designated by that judicial agency. *Id.* § 67.503(b) & 67.1101(a)(1). Under Section 102 of the RTKL, a "judicial agency" is defined as "[a] court of the Commonwealth or any other entity or office of the unified judicial system." 65 P.S. § 67.102. This Court has explicitly determined that "clerks of court . . . are personnel of the unified judicial system." *League of Women Voters of Greater Pittsburgh v. Allegheny Cnty.*, 819 A.2d 155, 158 n.12 (Pa. Cmwlth. 2003) (citing 42 Pa.C.S. § 102).

Here, Petitioner's records request was made to the Clerk, who is categorized as personnel of a judicial agency. R.R. at 1a-2a; *League of Women Voters of Greater Pittsburgh*, 819 A.2d at 158 n.12. Based on the express terms of the RTKL, judicial agencies, including the Clerk, are not subject to the OOR's jurisdiction. 65 P.S. § 67.503(b); *see Frazier v. Phila. Cnty. Off. of the Prothonotary*, 58 A.3d 858, 859 (Pa. Cmwlth. 2012). Section 5.0(D) of the Unified Judicial System's Public Access Policy instead provides that "relief from a [clerk's] written denial may be sought by filing a motion or application ***with the court for which the [clerk] maintains the records***."[6] *See also Faulk*, 116 A.3d at 1187 (stating that "court records remain accessible to members of the public outside the RTKL"). As such, appealing the Clerk's denial through the OOR was not the proper mechanism for obtaining the case records.

---

[6] The Unified Judicial System's Public Access Policy can be accessed at https://www.pacourts.us/Storage/media/pdfs/20211230/165101-publicrecordspolicy2022.pdf (last visited June 30, 2026).

Because the OOR lacked jurisdiction over the appeal, the OOR's dismissal was proper.[7]

## IV. Conclusion

Based on the foregoing discussion, the OOR's Final Determination is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[7] Because of our disposition, we need not address the dispute regarding whether Petitioner received the requested documents on September 10, 2025. *See* Clerk's Br. at 1; Petitioner's Reply Br. at 2-3.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Natalie J. Sperry-Mauger,         :
                    Petitioner     :
                                :
          v.                  :
                                :
Cumberland County Clerk of Courts    :
(Office of Open Records),           :     No. 637 C.D. 2025
                Respondent    :

# **O R D E R**

AND NOW, this 1st day of July, 2026, the May 1, 2025 Final Determination of the Office of Open Records is AFFIRMED.

 

 

_____

CHRISTINE FIZZANO CANNON, Judge